

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXX~~N
ATTORNEY GENERAL

AUSTIN 11, TEXAS

The validity of this
resolution remedied
in 1947 by the passage
of H.B. 503, 50th Leg-
islature.

Dr. Geo. W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas '

See R-1127 C 48

Dear Dr. Cox:

Opinion No. O-6651

Re: Validity of H. C. R.
No. 34, 49th Legislature,
Regular Session, as a
statute.

You request an opinion of this Department upon the construction of House Concurrent Resolution No. 34, passed by the 49th Legislature, but in view of our conclusion hereinafter stated that the Resolution is invalid as a statute for your observance, we need not answer your questions.

House Concurrent Resolution No. 34 is as follows:

"By - Simpson,
   Cato

H. C. R. No. 34

### HOUSE CONCURRENT RESOLUTION

"WHEREAS, a dire need exists for more hospital facilities in Texas, and a better distribution of such facilities to best serve the public; and

"WHEREAS, There is legislation pending in National Congress providing that a single State Agency be designated as the agency to make any necessary surveys and to cooperate with the Federal Agencies concerned with the postwar planning and to furnish such information to such Federal Agencies as may be desired; now therefore, be it

"RESOLVED That the State Department of Public Health of Texas be designated as the Agency to make necessary surveys; and be it further

"RESOLVED by the House of Representatives of the State of Texas, the Senate concurring, That a Hospital Survey

Commission be created and said Commission is hereby created, said Commission to be composed of fifteen (15) members, one (1) member to be designated as Chairman, and said membership to receive no compensation from the State for services rendered, said Commission to be appointed by the Governor of the State of Texas.

"At its first meeting, or at a time after the first meeting set by the Commission, such other officers as may be desired shall be elected.

"Said Commission will formulate its own rules and set the time and place for meetings. Two (2) members of said Commission shall be appointed from East Texas; two (2) members of said Commission shall be appointed from West Texas; two (2) members of said Commission shall be appointed from North Texas; and two (2) members of said Commission shall be appointed from South Texas. The seven (7) remaining members of said Commission shall be appointed at large. Provided, further, that six (6) members of said Commission shall be actively engaged in hospital work at the time of said appointment, and shall have been so engaged for a period of not less than five (5) years preceding such appointment. The remaining nine (9) members shall be as follows:

"Two (2) members of said Commission shall be representatives of the press; two (2) members of said Commission shall be appointed from the House of Representatives; two (2) members of said Commission shall be members of the Senate; one (1) member of said Commission shall be an architect; one (1) member of said Commission shall be an attorney; and one (1) member of said Commission shall be President of the Texas County Judges Association.

"Said Commission is hereby authorized and requested to make a comprehensive survey of existing hospital facilities and the need, if any, for additional hospitals, clinics, and health centers; to make recommendations for improvement of conditions found inadequate, and to serve as the sole State agency for executing the hospital program in conjunction with any and all Federal agencies; and be it further

"RESOLVED That the Hospital Survey Commission shall be authorized to accept and distribute grants in aid from the Public Health Service and Federal agencies in accordance with the information gathered from their surveys and regulations."

Section 30 of Article III of the Constitution provides:  "No law shall be passed, except by bill. * * *."

Section 29 declares that:  "The enacting clause of all laws shall be: 'Be it enacted by the Legislature of the State of Texas.'"

Section 35 of the same Article contains the following:  "No bill * * * shall contain more than one subject, which shall be expressed in its title."

Mosheim v. Rollins, 79 S.W. (2) 672, involves the question under consideration.  It is there said:

"This resolution contained the following paragraph: 'Resolved by the House of Representatives, the Senate concurring, that said corporations use the necessary care and diligence in keeping their right-of-ways free of any grasses, weeds or other plants that tend to spread, to the end that the increased burdens incident to the enforcement of this Conservation Act shall not add unnecessary cost to the farmer in his efforts to protect and conserve the potential productivity of his soil.'

"This resolution cannot be regarded as a law prohibiting the Highway Commission from planting or permitting Bermuda grass to grow along the State highways."

In City of San Antonio v. Micklejohn, 33 S. W. 735, is contained the following:

"* * *.  A resolution proper is not a law. State v. Delesdenier, 7 Tex. 76.  A legislative body may in that form express an opinion, may govern its own procedure within the limitations imposed upon it by its constitution or charter, and, in case it have ministerial functions, may direct their performance; but it cannot adopt that mode of procedure in making laws where the power which created it has commanded that it shall legislate in a different form.  See Jones v. McAlpine, 64 Ala. 511; City of Cape Girardeau v. Fougeu, 30 Mo. App. 551; Paterson v. Barnet, 46 N. J. Law. 62."

In Rowley v. City of Medford, 285 Pac. 1111, the Supreme Court of Oregon said:

> "The power of the Legislature to effective-ly legislate by resolution is confined within very narrow limits.  It may provide for expenses incident to its sessions, such as employing clerks and stenographers and procuring supplies, and other matters incident to the carrying on of its business, but it cannot go outside and legis-late generally on matters involving property or other rights.  As to such matters, its resolutions have the only effect of an expression of opinion and no more.  'A resolution is not a law, but mere-ly the form in which the legislative body expresses an opinion.'"

The Supreme Court of Idaho said in Alderston v. Brady, 107 Pac. 493:

> "It is well enough to suggest at this time that the action of the Commission appointed by the joint resolution of the Legislature has no place in the consideration and decision of the Land Board, and can furnish no protection or justification for any action by the Board, and no evidence on that subject would be admissible or considered in this case."

The Supreme Court of Montana in State v. Cunningham, 103 Pac. 497, said:

> "So the courts of all these states having constitutional provisions similar to them have refused to recognize mere resolutions adopted by the Legislature, whether joint or concur-rent, or whether approved by the executive or not, as having the force of law."

In Dickinson v. Johnson, 176 S. W. 116, the Supreme Court of Arkansas has said:

> "Thus a clear distinction is made between bills and concurrent resolutions.  The one can-not take the place of the other.  All laws must

"be passed by bill.  Concurrent resolutions can-
not be used to enact laws."

In Opinion No. O-95 rendered by this Department on
January 13, 1939, it was held:

"Answering your first question upon the
reasoning above, we are constrained to the
opinion that a joint or concurrent resolution
cannot have the effect of a law."

Our holding in this respect is not to be construed
as mitigating against the power of the Legislature, or either
branch of it, by resolution to appoint committees, either in
session or ad interim in the discharge of its constitutional
legislative functions.  This Department has rendered its
opinion expressly recognizing such powers in its Opinion No.
O-6276, under date of November 16, 1944.  We followed the
well-considered opinion of Terrell v. King, 14 S. W. (2) 786
by Justice Greenwood.

The resolution we are considering, of course, does
not fall within the reasoning or facts governing the scope
of legislative resolutions in connection with the performance
of legislative functions, but on the contrary clearly purports
to create a state agency or agencies for important govern-
mental functions, clothing them with designated authority,
and providing for the appointment of members by the Governor,
as in the ordinary case of boards, commissions, and other
agencies of the State.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

OCIE SPEER

APPROVED JUL 6 1945

Ocie Speer
Assistant

CARLOS C. ASHLEY

FIRST ASSISTANT
ATTORNEY, GENERAL

APPROVED
OPINION.
COMMITTEE
BY BWB
CHAIRMAN

OS-MR